# Pending Cases

## No. 289

### JOSEPH OSIK v. STATE OF OHIO

Error to Lorain County Appeals

No. 18430. Filed in Supreme Court March 8, 19244. 2 Abs.

**661. INTOXICATING LIQUORS—Unlawful transportation of.**

Osik was charged with having, on Oct. 2, 1923, transported intoxicating liquors contrary to 6212-15 GC. He was tried before the Mayor of the village of South Amherst. At the close of the evidence for the state, he moved the court to discharge him, for insufficiency of the evidence. This was overruled, and objected and accepted to. Thereupon he was found guilty, and his motion for a new tiral was overruled. He was fined $1,000. He prosecuted error to the Common Pleas, which affirmed the Mayor's decision, and the Court of Appeals sustained the Common Pleas.

The evidence showed that Osik had gathered some blackberries and some wild cherries, and put the juice of each in a separate barrel and kept them on the premises which he occupied as a private residence from July to Oct. 3, the day of his arrest. On the day previous, Osik went to the Mayor, and explained that he was about to change his residence to another street, and asked permission to move the juice The permission was not given.

He placed the two barrels on the wagon with his household furniture, and while on the public road was arrested on the charge. A test showed that one barrel was 12½ and the other 14 per cent grain alcohol, and that no sugar, water, or other substance had been added to the juices to hasten their fermentation. Plaintiff brings error to the Supreme Court for the reasons.

1. The case involves the right of a citizen to have fruit juices in his possession, exclusively for his own home use, after fermentation takes place, even though such juices contain more than a half of one per cent alcohol.

2. Because of the provision of 6212-17 GC. which says that the penalties provided in this act shall not apply to a person having fruit juices exclusively for use in his home, with the further provision that the juices shall not be sold or delivered after they become intoxicating.

3. That he was merely moving, in good faith, from one residence to another in the same village, and after he had called upon the Mayor, the trial court, for permission to remove.

4. That the maximum fine for a first offense establishes a precedent of injustice rather than justice.

Attorneys—Zmunt, Mayer and Stephens, Cleveland, for Osik; Findley & Myers, Elyria, for State.

## No. 307

### HYATT ROLLER BEARING CO. v. ABE BLOCH and LULU BLOCH

No. 18428. Ohio Supreme Court

Error to Cuyahoga Appeals

Motion for order to certify docketed March 7, 1924, 2 Abs. 194.

This action was begun by the Hyatt Co. as a creditor's bill, and the questions raised in the case, as set out by this company, are:

1. Under the circumstances, will a gift by a husband to his wife be upheld, when the gift is prejudicial to creditors?

2. What constitutes parting with possession, dominion and control of property, to comply with the rule of law in Flanders v. Blandy, 45 OS. 108?

During and following the business depression of 1920, cases were pending against Bloch, for recovery of over $200,000. Bloch then made gifts to his wife which it was claimed were mere contrivance to place his property beyond the reach of his creditors.

It is also claimed that Bloch never parted with possession of the property, but exercised dominion and control over it without his wife's knowledge.

Bloch became indebted to the Hyatt Co. on account of goods sold and delivered. Judgment was obtained against Bloch and returned nulla bona. Money due Bloch was attached by the creditors' bill. He took notes for sums due him and gave them to his wife.

The trial court was of the opinion that the principal of law upon which the case turned was whether or not the donor retained enough assets to satisfy his debts.

The Court of Appeals affirmed the trial court, holding that the gift was not valid, as the donor never parted with possession, dominion and control of the property and the transaction was not such as a court of equity should uphold, citing 8618 GC. and other authorities.

Attorneys—Treadway & Marlatt, Cleveland, for Hyatt Co.; Sawyer, Cunningham & Strong, and Fogg & White, Cleveland, for the Blochs.

## No. 308

### MARY A. JACKSON v. CLEVELAND RAILWAY CO.

No. 18387. Ohio Supreme Court

Error to Cuyahoga Appeals

Motion for order to certify docketed Feb. 15, 1924, 2 Abs. 147.

For Court of Appeals opinion, see post page 266, this issue of the Abstract.

This case received the consideration of three courts of common pleas, and twice of the Court of Appeals. The circumstances of the case are set forth in the Appeals Court opinion, above.

Upon the first trial, upon motion, a judgment was entered for East Cleveland, on the ground that its alleged negligence was not the proximate cause of the accident. The trial proceeded against Wenham and the Cleveland Ry. Co. and resulted in a mistrial. The second trial resulted in a joint verdict against the two remaining defendants. The Railway Co. prosecuted error to the Court of Appeals, which reversed the judgment against the company, holding that the proximate cause was the negligence of Wenham, the truck driver. Jackson then filed a fourth amended petition alleging joint liability of both parties, upon which trial was had, and at the close of the case, the trial court directed a verdict for the company upon the ground that there was a failure to prove its actionable active negligence. Since then the Court of Appeals found that the accident was the result of the sole negligence of the driver, and sustained the judgment of the trial court, and Jackson now seeks a review of this judgment.

Attorneys—Smith, Olds & Smith, and Payer, Winch, Minshall & Karch, Cleveland, for Jackson; Squire, Sanders & Dempsey, Cleveland, for Railway Company.